David C. Parisi (SBN 162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Suite 100
Santa Monica, CA 90405
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd, #505
Los Angeles, CA 90046
Telephone: (917) 657-6857
Facsimile: (877) 501-3346

Attorneys for Plaintiff Elizabeth J. VanCleave, individually and on behalf of classes of similarly situated individuals

(Additional counsel on signature page)

# UNITED STATES DISTRICT COURT

# NORTHEN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH J. VANCLEAVE, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>HOSTESS BRANDS, LLC; and DOES 1 through 5,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br>  1. **Fraudulent Inducement**<br>  2. **Cal. Comm. Code § 2313**<br>  3. **Cal. Civil Code § 1750**<br>  4. **Cal. Bus. & Profs. Code § 17500;** and<br>  5. **Cal. Bus. & Profs. Code § 17200**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Elizabeth J. VanCleave brings this action on his own behalf and on behalf of the Class he seeks to represent, based upon his own personal knowledge as to herself and her own acts and upon information and belief and the investigation of her counsel as to all other matters, and alleges as follows:

## NATURE OF THE CASE

1. Defendant Hostess Brands, LLC manufactures, markets, and distributes Hostess Donettes Maple Glazed Mini Donuts. The company mislabels and falsely advertises this product as containing maple when this product does not contain any maple.

2. Hostesses' conduct breaches its express warranties with consumers, constitutes false advertising, and violates the California Consumer Legal Remedies Act, the California False Advertising Law, the California Unfair Competition Law, the California Sherman Food, Drug, and Cosmetic Law, the Federal Food, Drug, and Cosmetic Act and implementing regulations, and constitutes fraudulent inducement.

3. Plaintiff brings this action on behalf of herself and a class of purchasers to stop Defendant from mislabeling its donuts as containing a "maple glaze" when maple is not an ingredient in the product. In addition, Plaintiff, on behalf of herself and the proposed class, seeks restitution and other equitable, injunctive, declaratory, and monetary relief as set forth below.

## PARTIES

4. Plaintiff Elizabeth J. VanCleave ("Plaintiff") is a resident of Shasta Lake, California. She purchased Hostess Donettes Maple Glazed Mini Donuts at a Wal-Mart store located in Shasta County, California.

5. Defendant Hostess Brands, LLC ("Defendant") is a Delaware corporation and has its principal place of business in Kansas City, Missouri. It maintains a registered agent for service of process at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

6. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 5, inclusive, and therefore, sues such Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Doe Defendants is legally

responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff.

7.     Plaintiff is informed and believes and based thereon alleges that all defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contraction with the other allegations.

8.     All Defendants, including Does 1 through 5, are collectively referred to as "Defendants."

9.     Whenever this complaint refers to any act of Defendants, the allegations shall be deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly and severally, unless otherwise alleged.

## JURISDICTION & VENUE

10.     The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

11.     This Court has personal jurisdiction over Defendants because they conduct operations and/or sales in California, are registered to do business in California, and the acts alleged herein originated in this District.

12.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District.

## COMMON ALLEGATIONS OF FACT

**Consumer Preferences and Expectations Regarding Products Containing Maple**

13. Maple syrup and maple sugar are premium ingredients that companies add to sweeten food products.

14. They are preferred over other sweeteners for a variety of reasons relating to taste, quality, origin, and other reasons.

15. Maple sugar is made when all of the water in the maple syrup is boiled away. It is then stirred while very hot allowing any water that is left to evaporate as steam. The result is a dry pure granular maple sugar that can be substituted for white processed granulated sugar. See http://vermontmaple.org/maple-products/maple-sugar/ (last visited May 2, 2016).

16. Defendants claim to use maple syrup and maple sugar in Hostess Donettes Maple Glazed Mini Donuts. The front packaging of this product prominently displays the words "maple glaze" along with an image of maple syrup being poured out of a pitcher onto the mini donuts.

17. Consumers reasonably rely on the product's name along with these images and statements to indicate that the product contains maple syrup and/or maple sugar.

18. Food products that are represented as containing maple syrup or maple sugar command a premium in the marketplace. In addition, companies increase sales when they represent that a product contains these ingredients.

**Defendants Mislabel Hostess Donettes Maple Glazed Mini Donuts As Containing Maple Syrup and/or Maple Sugar.**

19. Defendants manufacture, promote, and distribute Hostess Donettes Maple Glazed Mini Donuts.

20. On the front packaging of this product, Defendants place a prominent image of a glass pitcher of maple syrup being poured directly onto the mini donuts and the words "maple glazed" appear in bold in the name of the product. The front packaging of the product is the same or substantially similar the below image:



21. However, this product does not contain any maple syrup or maple sugar, and is therefore misbranded under state and federal laws.

22. In making their purchasing decisions, consumers, including Plaintiff and Class Members, rely on the labeling (such as the name of these products, images of maple syrup, and the declaration of maple glazed on the front packaging) to inform them of whether products contain maple syrup and/or maple sugar.

23. The presence of maple, a premium ingredient, in this product has a material bearing on consumers' (including Plaintiff and Class Members) decision to purchase.

24. According to the Vermont Maple Sugar Makers' Association and over ten other

Parisi & Havens LLP
212 Marine Street, Unit 100
Santa Monica, CA 90405
(818) 990-1299

maple industry groups, this business practices injures consumers and maple syrup manufacturers:

> This unchecked misbranding has an adverse impact on manufacturers of products containing real maple syrup, as it allows cheaper products not containing premium ingredients to compete with those actually containing maple syrup. Further, it deceives consumers into believing they are purchasing a premium product when, in fact, they have a product of substantially lower quality.

*See* Feb. 15, 2016 Letter from Vermont Maple Sugar Makers' Association to the Food and Drug Administration available at https://consumermediallc.files.wordpress.com/2016/02/fdamaple.pdf (last visited May 2, 2016).

25.     Accordingly, Plaintiff and members of the Class have been harmed because they overpaid for the product (or would not have purchased the product) had they known that the product did not contain any maple syrup or maple sugar.

## PLAINTIFF'S INDIVIDUAL ALLEGATIONS

26.     In April 2016, Plaintiff purchased Hostess Donettes Maple Glazed Mini Donuts at a Wal-Mart store located in Shasta County, California.

27.     Plaintiff viewed and relied upon the product name indicating that the donuts were "maple glazed" and a prominent image of maple syrup being poured directly onto the donuts on the product packaging. These images and statements were the same as or substantially similar to the representations depicted in image in paragraph 20.

28.     Because she was purchasing a product that was labeled as containing maple, she reasonably believed that it, in fact, contained maple.

29.     Plaintiff relied on these representations when forming her purchasing decision.

30.     Had Plaintiff known that the product did not contain maple as an ingredient, she would not have purchased it or she would not have paid as much for the product. As a direct result, Plaintiff was harmed by Defendants' conduct.

31.     Plaintiff, on behalf of herself and all others similarly situated, seeks monetary damages as well as injunctive relief to stop Defendants from mislabeling the product.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and a class defined as follows:

**Parisi & Havens LLP**
212 Marine Street, Unit 100
Santa Monica, CA 90405
(818) 990-1299

-6-

**Class Action Complaint**

**Nationwide Class**: All individuals nationwide who, from four years prior to the filing of this Complaint through to date of certification purchased Hostess Donettes Maple Glazed Mini Donuts.

**California Subclass**: All individuals who, from four years prior to the filing of this Complaint through to date of certification purchased Hostess Donettes Maple Glazed Mini Donuts in California.

33. Excluded from the Classes are Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and Defendants' agents, legal representatives, predecessors, successors, assigns, and employees. Also excluded from the Classes are the judge and staff to whom this case is assigned, and any member of the judge's immediate family.

34. Plaintiff reserves the right to revise the definition of the Classes based on facts learned during discovery.

35. The exact number of persons in the Classes, as herein identified and described, is unknown but is estimated to number in the thousands. The Classes are so numerous that joinder of individual members herein is impracticable.

36. Plaintiff will fairly and adequately represent and protect the interests of the other members of each Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Classes.

37. Absent a class action, most members of each Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

38. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of each Class in falsely advertising and mislabeling it products as

containing maple, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Classes.

39. The factual and legal basis of Defendants' liability to Plaintiff and to Class members are the same, resulting in injury to the Plaintiff and to all of the other Class members as a result of the Defendants' conduct of falsely advertising and mislabeling it products as containing maple. Plaintiff and Class members have suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

40. There are many questions of law and fact common to the claims of Plaintiff and the Class members, and those questions predominate over any questions that may affect individual members of each Class. Common questions for the Classes include but are not limited to the following:

(a) Whether Defendants' name of the product and use of images of maple syrup constitute an express warranty that the product contains maple syrup and/or maple sugar;

(b) Whether Defendants breached their express warranties with Plaintiff and class members;

(c) Whether Defendants' labeling is unlawful, unfair, deceptive, or misleading to reasonable consumers under the UCL;

(d) Whether Defendants' conduct violates Cal. Bus. & Profs. Code § 17200, Cal. Civil Code §1750, and the Cal. Bus. & Profs. Code § 17500;

(e) Whether Defendants' product contain maple syrup or maple sugar;

(f) Whether a reasonable consumer would expect that products labeled with an image of a jar of maple syrup being poured directly onto donuts and containing "maple glazed" in the name of the product would in fact contain maple syrup or maple sugar as an ingredient;

(g) Whether, as a result of Defendants' conduct, Plaintiff and the classes members are entitled to equitable relief and/or other relief, and, if so, the nature of such relief; and

(h) The method of calculation and extent of damages for Plaintiff and members of the Classes.

**FIRST CLAIM FOR RELIEF**
**Fraudulent Inducement**
**(On behalf of Plaintiff and the Nationwide Class)**

41. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

42. As described with particularity above, Defendants have used and continue to use, marketing tactics they know or reasonably should know are false and misleading.

43. To induce Plaintiff and the Nationwide Class into purchasing their products, Defendants affirmatively represented that their products contain maple syrup and/or maple sugar.

44. Defendants' affirmative representations are, in fact, false. In particular, Defendants products do not contain these maple sugar or maple syrup.

45. The representations made by Defendants were material terms in their transactions with Plaintiff and the Nationwide Class because they directly affected their choices to purchase Defendants' products.

46. Defendants, as the manufacturers and designers of the food and its packaging, knew or should have known, with the exercise of reasonable care, that the products they were offering to consumers do not contain any maple syrup or maple sugar and that consumers would be misled into believing that the products contained those ingredients.

47. Defendants knew or should have known that a number of groups in the maple sugar and syrup industry have jointly complained about this issue as negatively affecting consumers' ability to make informed decisions and causing unfair competition.

48. Therefore, Defendants intentionally designed their public representations to mislead consumers about the ingredients and quality of their products.

49. Defendants made these representations with the intent to induce Plaintiff and members of the Nationwide Class to rely upon them by purchasing the product.

50. Plaintiff and members of the Nationwide Class were misled by these representations. They would not have purchased (or would have paid less) for Defendants' products but for the misrepresentations alleged herein.

Parisi & Havens LLP
212 Marine Street, Unit 100
Santa Monica, CA 90405
(818) 990-1299

-9-
**Class Action Complaint**

51. As a result of their reasonable reliance on Defendants' misrepresentations, Plaintiff and members of the Nationwide Class have suffered actual monetary damages in the form of the price paid for Defendants' products.

52. Plaintiff therefore prays for relief in the amount of the price paid for Defendants' products.

## SECOND CLAIM FOR RELIEF
### Violation of the California Commercial Code, Section 2313, Breach of Express Warranty
### (On behalf of Plaintiff and the California Subclass)

53. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

54. Defendants produced, advertised, marketed, and distributed products with the affirmation of fact, promise, and description on the packaging that the product contained maple syrup or maple sugar.

55. Plaintiff and members of the California Subclass relied on these affirmations of fact, promises, and descriptions in that they were part of the basis of the bargain under which Plaintiff and members of the California Subclass purchased Defendants' products.

56. Defendants breached these express warranties by producing, distributing, and marketing products to Plaintiff and California Subclass members that did not conform to the affirmations of fact, promises, and/or descriptions made on the packaging (i.e., that the product contained maple syrup or maple sugar).

57. Defendants have been on notice of their breach of these express warranties as they manufactured the product and designed the labeling. Further, they knew or should have known that a number of groups in the maple sugar and syrup industry have jointly complained about this issue as negatively affecting consumers and the industry alike.

58. As a proximate result of Defendants' breach of its express warranty, Plaintiff and members of the California Subclass sustained damages, including but not limited to the purchase price of the product and/or the premium paid for the product.

59. Plaintiff, on behalf of herself and the California Subclass, is entitled to damages and other legal and equitable relief including, a right of reimbursement, as well as costs, expenses and attorneys' fees.

60. Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff and the California Subclass are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

**THIRD CLAIM FOR RELIEF**
**Violations of the Consumers Legal Remedies Act,**
**California Civil Code Section 1750, *et seq*.**
**(On behalf of Plaintiff and the California Subclass)**

61. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

62. The California Consumer Legal Remedies Act, Section 1750 of the California Civil Code, protects consumers against fraud, unlawful practices, and unconscionable commercial practices in connection with the sale of any merchandise.

63. Plaintiff and members of the California Subclass are "consumers" as defined by Section 1761(d) of California Code because they sought or acquired Defendants' goods for personal, family, or household purposes.

64. Defendants' products are "goods" within the meaning of Section 1761(a) of the California Civil Code as they are tangible chattels bought for personal, family, or household purposes.

65. Defendants manufactured, licensed, distributed, and marketed products as containing maple syrup or maple sugar when, in fact, they do not. Such conduct constitutes a violation of the California Consumer Legal Remedies Act as specified below.

66. Defendants' conduct violated and continues to violate the Consumer Legal Remedies Act by engaging in the following practices proscribed by section 1770(a), subsections (2), (5), (7), and (9) of the California Civil Code, respectively, in transactions with Plaintiff and members of the Class, which were intended to result in, and did result in, the sale of the products in that Defendants:

misrepresenting the source, sponsorship, approval, or certification of goods or services; misrepresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have; representing that goods or services are of a particular standard, quality, or grade…if they are of another; and advertising goods or services with intent not to sell them as advertised.

67. Plaintiff and other members of the California Subclass reasonably relied upon and were deceived by Defendants' representations that its products contain maple syrup or maple sugar.

68. Pursuant to section 1782(d) of the California Civil Code, Plaintiff, on behalf of herself and the California Subclass seeks a Court order enjoining Defendants from such future conduct and any other such orders that may be necessary to rectify the fraudulent, unlawful, unconscionable commercial practices, and fraudulent business practices of Defendants, including requiring Defendants to cease mislabeling of its products as containing maple syrup or maple sugars.

**FOURTH CLAIM FOR RELIEF**
**Violations of the False Advertising Act,**
**California Business & Professions Code Section 17500, *et seq.*,**
**(On behalf of Plaintiff and the California Subclass)**

69. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

70. Section 17500 of the California False Advertising Act prohibits the dissemination of statements that are untrue, misleading, and which are known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

71. Defendants' acts and practices violated Section 17500 of the California False Advertising Act. Defendants disseminated untrue and misleading statements to Plaintiffs and members of the California Subclass by mislabeling its products as containing maple syrup or maple sugars.

72. Defendants' statements were untrue and misleading in material respects because Plaintiff and members of the California Subclass would not have purchased, or would not have paid as much for, the product had they known that did not contain any maple syrup or maple sugars.

73. Defendants' use of statements and imagery on the product packaging and name had the capacity, likelihood and tendency to deceive and confuse consumers into believing that the product contained maple syrup and/or maple sugar.

74. Defendants, as the manufacturers and designers of the food and its packaging, knew or should have known, with the exercise of reasonable care, that the products they were offering to consumers do not contain any maple syrup or maple sugar and that consumers would be misled into believing that the products contained those ingredients. Therefore, Defendants knew or should have known that their statements were untrue and misleading.

75. Plaintiff and members of the California Subclass were induced to purchase and/or pay a premium for Defendants' product based on Defendants' untrue and misleading statements.

76. Plaintiff and members of the California Subclass were aware of and reasonably relied on Defendants' untrue and misleading statements.

77. Defendants disseminated untrue and misleading statements about the ingredients and quality of its products with the intent not to sell them as advertised.

78. Pursuant to section 17535 of the California Business and Professions Code, Plaintiff, on behalf of herself and the California Subclass seeks restitution and a Court order enjoining Defendants from such future conduct and any other such orders as may be necessary to rectify Defendants' mislabeling and false advertising, including requiring Defendants to cease misrepresenting that its products contain maple syrup or maple sugar.

79. Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff and members of the California Subclass are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

**FIFTH CLAIM FOR RELIEF**
**Violations of California Business & Professions Code,**
**Section 17200, *et seq*., Unlawful, Unfair and**
**Fraudulent Business Acts and Practices**
**(On behalf of Plaintiff and the California Subclass)**

80. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

81. Defendants' acts and practices as detailed herein constitute acts of unfair competition. Defendants have engaged in unlawful, unfair or fraudulent business acts and/or practices within the meaning of California Business & Professions Code, section 17200, *et seq*. Defendants need only violate one of the three prongs to be held strictly liable.

82. Defendants have engaged in "unlawful" business acts and practices by manufacturing, promoting, and distributing products as containing maple syrup or maple sugars, when, in fact, none of those ingredients are in the product. Defendants' business acts and practices violate the California Business and Professions Code, section 17500, *et seq*. and the California Consumer Legal Remedies Act, California Civil Code, Section 1750, *et seq*., as alleged herein.

83. Defendants' acts and practices are further "unlawful" because it violates the Federal Food, Drug, and Cosmetic Act ("FDCA"). The FDCA states that a food product is misbranded if: "its labeling is false or misleading in any particular;" or "if it is an imitation of another food, unless its label bears, in type of uniform size and prominence, the word 'imitation' and immediately thereafter, the name of the food imitated." 28 U.S.C. § 343(a) and (c).

84. Defendants declare "maple" on their packaging as a characterizing ingredient even where maple syrup (as defined in 21 CFR § 168.140(a)) is not actually present in the product. Maple is a substance derived from the heat treatment of sap from the maple tree. None of the ingredients in Defendants' products qualify as maple under this definition.

85. The product is therefore misbranded under § 343(a) because the packaging is false and misleading in that it conveys the message that maple syrup or maple sugar is contained in the product.

**Parisi & Havens LLP**
212 Marine Street, Unit 100
Santa Monica, CA 90405
(818) 990-1299

-14-
Class Action Complaint

86. The product is also misbranded under § 343(c) because it is "an imitation of another food," i.e., a food containing maple syrup or maple, but does not contain the word "imitation" on its labeling.

87. In addition, Defendants' mislabeling violates the following implementing FDCA regulations: 21 C.F.R. § 101.14 requiring claims to be "complete, truthful, and not misleading," and which "enables the public to comprehend the information and 21 CFR § 102.5, which governs "characterizing properties or ingredients," and requires that "the common or usual name of a food shall include the percentage(s) of any characterizing ingredient(s) or component(s) when the proportion of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance or when the labeling or the appearance of the food may otherwise create an erroneous impression that such ingredient(s) or component(s) is present in an amount greater than is actually the case."

88. Maple, a premium ingredient, has a material bearing on the price and/or consumer acceptance of food products that contain it, which is why it is frequently an ingredient named in the title of foods or displayed on its packaging. Thus, if a product name includes "maple," or its packaging emphasizes the presence of maple (e.g., through images of maple syrup), but the product does not actually contain any maple syrup, it is unlawfully misbranded under the FDA's regulations.

89. Defendant's conduct further violates the California Sherman Food, Drug, and Cosmetic Law ("Sherman Law"), Cal. Health & Safety Code § 110660, which deems food products "misbranded" if their labeling is "false or misleading in any particular," and Health & Safety Code § 110395, which adopts all FDA food labeling regulations as state regulations.

90. All of the challenged advertisements and statements made by Defendants thus constitute violations of the Sherman Law and the FDCA, and as such, violate the "unlawful" prong of the UCL.

91. Plaintiff reserves the right to identify additional provisions of the law violated by Defendants as further investigation and discovery warrants.

92. Defendants' failure to comply with the above statutes and regulations constitute an unlawful business act or practice.

93. Section 17200 of the California Business & Professional Code also prohibits any "unfair business act or practice." As described above, Defendants have engaged in "unfair" business acts or practices in that they falsely labeled products as containing maple syrup or maple sugar, when, in fact, those products do not contain any of those ingredients.

94. The gravity of the harm to Plaintiff and members of the California Subclass outweighs any arguable utility of Defendants' conduct. Plaintiff's injury is substantial, is not outweighed by any countervailing benefit to consumers or competition, and is not one that consumers could have reasonably avoided.

95. Defendants' conduct offends California public policy tethered to the California Consumer Legal Remedies Act, the California False Advertising Law, the California Sherman Law, and the FDCA, which are intended to preserve fair competition, to protect consumers from market distortions, and to allow consumers to make informed choices in their purchasing food products.

96. Defendants' actions are immoral, unethical, unscrupulous, and offend established public policy, and have injured Plaintiff and other members of the California Subclass.

97. Section 17200 also prohibits any "fraudulent business act or practice." Defendants' conduct constituted "fraudulent" business acts or practices in that their conduct had a tendency and likelihood to deceive persons to whom such conduct was and is targeted by falsely labeling products as containing maple syrup or maple sugar, when, in fact, they do not.

98. Plaintiff and members of the California Subclass were deceived by Defendants' representations as to whether the products contained maple syrup or maple sugar.

99. Plaintiff and members of the Class reasonably relied on Defendants' representations. As the California Supreme Court has explained, "Simply stated: labels matter. The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities they may

Parisi & Havens LLP
212 Marine Street, Unit 100
Santa Monica, CA 90405
(818) 990-1299

-16-
**Class Action Complaint**

come to associate with a particular source." *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 328 (2011).

100. Plaintiff and members of the California Subclass have suffered injuries as a direct and proximate result of the unlawful, unfair, and fraudulent business practices of Defendants in that they purchased products that they would not have purchased, or they would have paid less for the products, had they known that the products did not contain any maple syrup or maple sugars.

101. Pursuant to section 17203 of the California Business and Professions Code, Plaintiff, on her own behalf and on behalf of the California Subclass, seeks restitution and a Court order enjoining Defendants from such future conduct and any other such orders that may be necessary to rectify the unlawful, unfair, and fraudulent business practices of Defendants, including requiring Defendants to cease mislabeling its products as containing maple syrup and maple sugars.

102. Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff and members of the California Subclass are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

WHEREFORE, Plaintiff Elizabeth J. VanCleave, on behalf of herself and members of the Classes, prays for the following relief:

    a. An order certifying each Class as defined above;

    b. An award of actual damages;

    c. An injunction requiring Defendants to cease misrepresenting that their products contain maple syrup and/or maple sugar and requiring Defendants to provide a notice to consumers who already purchased the product;

    d. For any and all other relief available under Business and Professions Code sections 17200, *et. seq.*, including but not limited to disgorgement of profits received through Defendants' unfair business practices and restitution;

    e. An award of reasonable attorneys' fees and costs;

    f. For pre-judgment interest on the sums owing; and

g. For such other and further relief as the Court deems just and proper.

Dated: May 23, 2016

Respectfully submitted,

By: _____
David C. Parisi (SBN 162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Suite 100
Santa Monica, CA  90405
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd, #505
Los Angeles, CA 90046
Telephone: (917) 657-6857
Facsimile:  (877) 501-3346

David Pastor (pro hac vice to be filed)
dpastor@pastorlawoffice.com
PASTOR LAW OFFICE, LLP
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone: (617) 742-9700
Facsimile:  617) 742-9701

Preston W. Leonard (pro hac vice to be filed)
pleonard@theleonardlawoffice.com
LEONARD LAW OFFICE, PC
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone: (617) 329-1295

*Attorneys for Plaintiff Elizabeth J. VanCleave, individually and on behalf of classes of similarly situated individuals*

## JURY DEMAND

Plaintiff demands a trial by jury of all causes of action and matters so triable.

Dated: May 23, 2016

Respectfully submitted,

By: _____
David C. Parisi (SBN 162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Suite 100
Santa Monica, CA 90405
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd, #505
Los Angeles, CA 90046
Telephone: (917) 657-6857
Facsimile: (877) 501-3346

David Pastor (pro hac vice to be filed)
dpastor@pastorlawoffice.com
PASTOR LAW OFFICE, LLP
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone: (617) 742-9700
Facsimile: 617) 742-9701

Preston W. Leonard (pro hac vice to be filed)
pleonard@theleonardlawoffice.com
LEONARD LAW OFFICE, PC
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone: (617) 329-1295

*Attorneys for Plaintiff Elizabeth J. VanCleave, individually and on behalf of classes of similarly situated individuals*

## DECLARATION OF DAVID C. PARISI

I, David C. Parisi, hereby declare on oath as follows:

1. I am an attorney licensed to practice law in the state of California. I am over the age of 18 years and I have personal knowledge of the matters attested to herein. If called upon to testify, I would and could competently do so.

2. I make this declaration pursuant to California Civil Code section 1780(d) on behalf of my client, Plaintiff Elizabeth J. VanCleave, on behalf of herself and all others similarly situated.

3. Defendant Hostess Brands, LLC is a Delaware corporation and has its principal place of business in Kansas City, Missouri. It maintains a registered agent for service of process at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833 and is doing business in the state of California.

4. The transaction or any substantial portion of the transactions at issue in Ms. VanCleave's complaint occurred in Shasta County.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 23rd day of May 2016 at Venice, California.

_____
David C. Parisi

Declaration of David C. Parisi
1