David C. Parisi (SBN 162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Suite 100
Santa Monica, CA 90405
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd, #505
Los Angeles, CA 90046
Telephone: (917) 657-6857
Facsimile: (877) 501-3346

Attorneys for Plaintiff Elizabeth J. VanCleave
and Matthew Perkins, individually and
on behalf of classes of similarly
situated individuals

(Additional counsel on signature page)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH J. VANCLEAVE, individually and on behalf of a class of similarly situated individuals,<br><br>        Plaintiff,<br><br>v.<br><br>HOSTESS BRANDS, LLC; and DOES 1 through 5,<br><br>        Defendants. | Case No. 3:16-cv-02779-WHO<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>  **1. Fraudulent Inducement;**<br>  **2. Cal. Comm. Code § 2313;**<br>  **3. Cal. Civil Code § 1750;**<br>  **4. Cal. Bus. & Profs. Code § 17500;**<br>  **5. Cal. Bus. & Profs. Code § 17200;**<br>  **6. Mass. Gen. Laws, c. 93A, § 2;**<br>  **7. Mass. Gen. Laws, c. 266, § 91**<br>  **8. Mass. Gen. Laws, c. 106, § 2-313**<br>  **9. Unjust Enrichment.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Elizabeth J. VanCleave and Matthew Perkins ("Plaintiffs") bring this action on their own behalf and on behalf of the Class and subclasses they seek to represent, based upon their own personal knowledge as to themselves and their own acts and upon information and belief and the investigation of their counsel as to all other matters, and allege as follows:

**NATURE OF THE CASE**

1.      Defendant Hostess Brands, LLC ("Hostess") manufactures, markets, and distributes Hostess Donettes Maple Glazed Mini Donuts. The company mislabels, misbrands, and falsely advertises this product as containing maple when this product does not contain any maple.

2.      Hostess' conduct breaches its express warranties with consumers, constitutes false advertising, and violates the California Consumer Legal Remedies Act, the California False Advertising Law, the California Unfair Competition Law, the California Sherman Food, Drug, and Cosmetic Law, the Massachusetts Maple Law, M.G.L. c., 128, § 39C, the Massachusetts Consumer Protection Act, M.G.L. c. 93A, M.G.L., c. 94 §§ 187 and 190, M.G.L. c. 266, § 91, the federal Food, Drug and Cosmetic Act, 28 U.S.C. § 343 ("FDCA") and various Food and Drug Administration ("FDA") regulations, and constitutes fraudulent inducement and unjust enrichment.

3.      Plaintiffs bring this action on behalf of themselves and a class and subclasses of purchasers to stop Defendant from mislabeling its donuts as containing a "maple glaze" when maple is not an ingredient in the product. In addition, Plaintiffs, on behalf of themselves and the proposed classes, seek damages, restitution and other equitable, injunctive, declaratory, and monetary relief as set forth below.

**PARTIES**

4.      Plaintiff Elizabeth J. VanCleave ("Plaintiff VanCleave") is a resident of Shasta Lake, California.  She purchased Hostess Donettes Maple Glazed Mini Donuts at a Wal-Mart store located in Shasta County, California.

5.      Plaintiff Mathew Perkins ("Plaintiff Perkins") is a resident of Bellingham, Massachusetts.  Perkins purchased Hostess Donettes Maple Glazed Mini Donuts at a Market Basket in Bellingham, Massachusetts.

6.      Defendant Hostess Brands, LLC ("Defendant") is a Delaware corporation and has its principal place of business in Kansas City, Missouri. It maintains a registered agent for service of process at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

7.      Plaintiffs are currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 5, inclusive, and therefore, sues such Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiffs are informed and believe and based thereon allege that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiffs.

8.      Plaintiffs are informed and believe and based thereon allege that all defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contraction with the other allegations.

9.      All Defendants, including Does 1 through 5, are collectively referred to as "Defendants."

10.     Whenever this complaint refers to any act of Defendants, the allegations shall be deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly and severally, unless otherwise alleged.

## JURISDICTION & VENUE

11.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from

1    Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and

2    (c) none of the exceptions under that subsection apply to this action.

3          12.    This Court has personal jurisdiction over Defendants because they conduct

4    operations and/or sales in California, are registered to do business in California, and the acts alleged

5    herein originated in this District.

6          13.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial

7    part of the events giving rise to the claim occurred in this District.

## COMMON ALLEGATIONS OF FACT
### Consumer Preferences and Expectations Regarding
### Products Containing Maple

8

9

10          14.    Maple syrup and maple sugar are premium ingredients that companies add to

11    sweeten food products.

12          15.    They are preferred over other sweeteners for a variety of reasons including taste,

13    quality, origin, among others.

14          16.    Maple sugar is made when all of the water in the maple syrup is boiled away. It is

15    then stirred while very hot allowing any water that is left to evaporate as steam. The result is a dry

16    pure granular maple sugar that can be substituted for white processed granulated sugar. See

17    http://vermontmaple.org/maple-products/maple-sugar/ (last visited May 2, 2016).

18          17.    Defendants claim to use maple syrup and maple sugar in Hostess Donettes Maple

19    Glazed Mini Donuts. The front packaging of this product prominently displays the words "maple

20    glaze" along with an image of maple syrup being poured out of a pitcher onto the mini donuts.

21          18.    Consumers reasonably rely on the product's name along with these images and

22    statements to indicate that the product contains maple syrup and/or maple sugar.

23          19.    Food products that are represented as containing maple syrup or maple sugar

24    command a premium in the marketplace.  In addition, companies increase sales when they represent

      that a product contains these ingredients.

### Defendants Mislabel Hostess Donettes Maple Glazed Mini Donuts
### As Containing Maple Syrup and/or Maple Sugar

25

26          20.    Defendants manufacture, promote, and distribute Hostess Donettes Maple Glazed

27    Mini Donuts (referred to herein as "the product").

28

**First Amended Class Action Complaint**

21.    On the front packaging of this product, Defendants place a prominent image of a glass pitcher of maple syrup being poured directly onto the mini donuts and the words "maple glazed" appear in bold in the name of the product.  The front packaging also depicts a prominent image of a maple leaf.  The front packaging of the product is the same or substantially similar to the below image:



22.    However, this product does not contain any maple syrup or maple sugar, and is therefore misbranded under state and federal laws.

23.    In making their purchasing decisions, consumers, including Plaintiffs and Class Members, rely on the labeling (such as the name of these products, images of maple syrup, and the

declaration of maple glazed on the front packaging) to inform them of whether products contain maple syrup and/or maple sugar.

24.     The presence of maple, a premium ingredient, in this product has a material bearing on consumers' (including Plaintiffs and Class Members') decisions to purchase.

25.     According to the Vermont Maple Sugar Makers' Association and over ten other maple industry groups, these business practices injure consumers and maple syrup manufacturers:

> This unchecked misbranding has an adverse impact on manufacturers of products containing real maple syrup, as it allows cheaper products not containing premium ingredients to compete with those actually containing maple syrup. Further, it deceives consumers into believing they are purchasing a premium product when, in fact, they have a product of substantially lower quality.

26.     See Feb. 15, 2016 Letter from Vermont Maple Sugar Makers' Association to the Food and Drug Administration available at https://consumermediallc.files.wordpress.com/2016/02/fdamaple.pdf (last visited June 27, 2016); see also, March 10, 2016 letter from various members of Congress to Food and Drug Administration Commissioner available at https://www.leahy.senate.gov/imo/media/doc/FINAL_Letter_FDA_Maple%20Labeling_3.10.16.pdf (last visited June 13, 2016).

27.     Accordingly, Plaintiffs and members of the Class have been harmed because they overpaid for the product (or would not have purchased the product) had they known that the product did not contain any maple syrup or maple sugar.

### Plaintiffs' Individual Allegations

28.     In April 2016, Plaintiff VanCleave purchased Hostess Donettes Maple Glazed Mini Donuts at a Wal-Mart store located in Shasta County, California.

29.     In or about late 2015, Plaintiff Perkins purchased Hostess Donettes Maple Glazed Donuts at a Market Basket store located in Bellingham, Massachusetts.

30.     Plaintiffs viewed and relied upon the product name indicating that the donuts were "maple glazed" and a prominent image of maple syrup being poured directly onto the donuts on the

1    product packaging. These images and statements were the same as or substantially similar to the

2    representations depicted in the image in paragraph 21.

3         31.    Because they were purchasing a product that was labeled as containing maple,

4    Plaintiffs reasonably believed that it, in fact, contained maple.

5         32.    Plaintiffs relied on these representations when forming their purchasing decision.

6         33.    Had Plaintiffs known that the product did not contain maple as an ingredient, they

7    would not have purchased it or would not have paid as much for the product.  As a direct result,

8    Plaintiffs were harmed by Defendants' conduct.

9         34.    Plaintiffs, on behalf of themselves and all others similarly situated, seek monetary

10   damages as well as injunctive relief to stop Defendants from mislabeling the product.

11                        **CLASS ACTION ALLEGATIONS**

12        35.    Plaintiffs VanCleave and Perkins bring this action pursuant to Federal Rule of Civil

13   Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and a class defined as follows:

14              **Nationwide Class:** All individuals nationwide who, from four years
                prior to the filing of the initial complaint through to date of
15              certification purchased Hostess Donettes Maple Glazed Mini Donuts.

16        36.    Plaintiff VanCleave also brings this action pursuant to Federal Rule of Civil

17   Procedure 23(b)(2) and 23(b)(3) on behalf of herself and a subclass defined as follows:

18              **California Subclass**: All individuals who, from four years prior to the
                filing of the initial complaint through to date of certification
19              purchased Hostess Donettes Maple Glazed Mini Donuts in California.

20        37.    Plaintiff Perkins also brings this action pursuant to Federal Rule of Civil Procedure

21   23(b)(2) and 23(b)(3) on behalf of himself and a subclass defined as follows:

22              **Massachusetts Subclass**:  All individuals who, from four years prior
                to the filing of this Complaint through the date of class certification
23              purchased Hostess Donettes Maple Glazed Mini Donuts in
                Massachusetts.

24        38.    Excluded from the Class and Subclasses are Defendants, any entity in which any

25   Defendant has a controlling interest or which has a controlling interest in any Defendant, and

26   Defendants' agents, legal representatives, predecessors, successors, assigns, and employees. Also

27

28

1  excluded from the Class and Subclasses are the judge and staff to whom this case is assigned, and

2  any member of the judge's immediate family.

3      39.    Plaintiffs reserve the right to revise the definition of the Class and/or subclasses,

4  based on facts learned during discovery.

5      40.    The exact number of persons in the Class, and each Subclass as herein identified and

6  described, is unknown but is estimated to number in the thousands. The Class and each Subclass are

7  so numerous that joinder of individual members herein is impracticable.

8      41.    Plaintiffs will fairly and adequately represent and protect the interests of the other

9  members of the Class and Subclasses.  Plaintiffs have retained counsel with substantial experience

10 in prosecuting complex litigation and class actions.  Plaintiffs and their counsel are committed to

11 vigorously prosecuting this action on behalf of the members of the Class and Subclasses, and have

12 the financial resources to do so.  Neither Plaintiffs nor their counsel have any interest adverse to

13 those of the other members of the Class or Subclasses.

14     42.    Absent a class action, most members of each Class and Subclass would find the cost

15 of litigating their claims to be prohibitive, and will have no effective remedy.  The class treatment

16 of common questions of law and fact is also superior to multiple individual actions or piecemeal

17 litigation in that it conserves the resources of the Court and the litigants, and promotes consistency

18 and efficiency of adjudication.

19     43.    Defendants have acted and failed to act on grounds generally applicable to all

20 members of the Class and each Subclass in falsely advertising and mislabeling their products as

21 containing maple, requiring the Court's imposition of uniform relief to ensure compatible standards

22 of conduct toward members of the Class and each Subclass.

23     44.    The factual and legal basis of Defendants' liability to Plaintiffs and to members of

24 the Class and Subclasses are the same, resulting in injury to the Plaintiffs and to all of the other

25 members of the Class and Subclasses as a result of the Defendants' conduct of falsely advertising

26 and mislabeling the products as containing maple.  Plaintiffs and members of the Class and

27

28

Subclasses have suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

45. Based on information and belief, Defendants continue to engage in the improper practices discussed above. Equitable relief is therefore necessary and appropriate to enjoin Defendants' conduct and to prevent irreparable harm to Plaintiffs and Class members for which they have no adequate remedy at law.

46. There are many questions of law and fact common to the claims of Plaintiffs and the Class and each Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclasses.  Common questions for the Class and Subclasses include but are not limited to the following:

(a) Whether Defendants' name of the product and use of images of maple syrup constitute an express warranty that the product contains maple syrup and/or maple sugar;

(b) Whether Defendants breached their express warranties with Plaintiffs and class members;

(c) Whether Defendants' labeling is unlawful, unfair, deceptive, or misleading to reasonable consumers under the UCL;

(d) Whether Defendants' conduct violates Cal. Bus. & Profs. Code § 17200, Cal. Civil Code §1750, and the Cal. Bus. & Profs. Code § 17500;

(e) Whether Defendants' conduct is unfair and deceptive, in violation of the provisions of Mass. Gen. Laws, c. 93A, § 2;

(f) Whether Defendants' conduct constituted untrue and misleading advertising in violation of M.G.L., c. 266, § 91;

(g) Whether the product contains maple syrup or maple sugar;

(h) Whether a reasonable consumer would expect that products labeled with an image of a jar of maple syrup being poured directly onto donuts and containing "maple glazed" in the name of the product would in fact contain maple syrup or maple sugar as an ingredient;

(i) Whether, as a result of Defendants' conduct, Plaintiffs and the Class and Subclasses are entitled to equitable relief and/or other relief, and, if so, the nature of such relief; and

(j) The method of calculation and extent of damages for Plaintiffs and members of the Class and each Subclass.

# FIRST CLAIM FOR RELIEF
## Fraudulent Inducement
### (On behalf of Plaintiffs and the Nationwide Class)

47.    Plaintiffs VanCleave and Perkins repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.

48.    As described with particularity above, Defendants have used and continue to use, marketing tactics they know or reasonably should know are false and misleading.

49.    As described with particularity above, Defendants have used and continue to use, marketing tactics they know or reasonably should know are false and misleading.

50.    To induce Plaintiffs and the Nationwide Class into purchasing their products, Defendants affirmatively represented that their products contain maple syrup and/or maple sugar.

51.    Defendants' affirmative representations are, in fact, false. In particular, Defendants' products do not contain maple sugar or maple syrup.

52.    The representations made by Defendants were material terms in their transactions with Plaintiffs and the Nationwide Class because they directly affected their choices to purchase Defendants' products.

53.    Defendants, as the manufacturers and designers of the food and its packaging, knew or should have known, with the exercise of reasonable care, that the products they were offering to consumers do not contain any maple syrup or maple sugar and that consumers would be misled into believing that the products contained those ingredients.

54.    Defendants knew or should have known that a number of groups in the maple sugar and syrup industry have jointly complained about this issue as negatively affecting consumers' ability to make informed decisions and causing unfair competition.

55.    Therefore, Defendants intentionally designed their public representations to mislead consumers about the ingredients and quality of their products.

56.    Defendants made these representations with the intent to induce Plaintiffs and members of the Nationwide Class to rely upon them by purchasing the product.

First Amended Class Action Complaint

57.    Plaintiffs and members of the Nationwide Class were misled by these representations. They would not have purchased (or would have paid less) for Defendants' products but for the misrepresentations alleged herein.

58.    As a result of their reasonable reliance on Defendants' misrepresentations, Plaintiffs and members of the Nationwide Class have suffered actual monetary damages in the form of the price paid for Defendants' products.

59.    Plaintiffs therefore pray for relief in the amount of the price paid for Defendants' products.

**SECOND CLAIM FOR RELIEF**
**Violation of the California Commercial Code § 2313,**
**Breach of Express Warranty**
**(On behalf of Plaintiff VanCleave and the California Subclass)**

60.    Plaintiff VanCleave repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

61.    Defendants produced, advertised, marketed, and distributed products with the affirmation of fact, promise, and description on the packaging that the product contained maple syrup or maple sugar.

62.    Plaintiff and members of the California Subclass relied on these affirmations of fact, promises, and descriptions in that they were part of the basis of the bargain under which Plaintiff and members of the California Subclass purchased Defendants' products.

63.    Defendants breached these express warranties by producing, distributing, and marketing products to Plaintiff and California Subclass members that did not conform to the affirmations of fact, promises, and/or descriptions made on the packaging (i.e., that the product contained maple syrup or maple sugar).

64.    Defendants have been on notice of their breach of these express warranties as they manufactured the product and designed the labeling.  Further, they knew or should have known that a number of groups in the maple sugar and syrup industry have jointly complained about this issue as negatively affecting consumers and the industry alike.

65.     As a proximate result of Defendants' breach of their express warranty, Plaintiff and members of the California Subclass sustained damages, including but not limited to the purchase price of the product and/or the premium paid for the product.

66.     Plaintiff, on behalf of herself and the California Subclass, is entitled to damages and other legal and equitable relief including a right of reimbursement, as well as costs, expenses and attorneys' fees.

67.     Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff and the California Subclass are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

**THIRD CLAIM FOR RELIEF**
**Violations of the Consumers Legal Remedies Act,**
**California Civil Code § 1750, *et seq*.**
**(On behalf of Plaintiff VanCleave and the California Subclass)**

68.     Plaintiff VanCleave repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

69.     The California Consumer Legal Remedies Act, Section 1750 of the California Civil Code, protects consumers against fraud, unlawful practices, and unconscionable commercial practices in connection with the sale of any merchandise.

70.     Plaintiff VanCleave and members of the California Subclass are "consumers" as defined by Section 1761(d) of California Code because they sought or acquired Defendants' goods for personal, family, or household purposes.

71.     Defendants' products are "goods" within the meaning of Section 1761(a) of the California Civil Code as they are tangible chattels bought for personal, family, or household purposes.

72.     Defendants manufactured, licensed, distributed, marketed and sold the products as containing maple syrup or maple sugar when, in fact, they do not. Such conduct constitutes a violation of the California Consumer Legal Remedies Act as specified below.

73.     Defendants' conduct violated and continues to violate the Consumer Legal Remedies Act by engaging in the following practices proscribed by section 1770(a), subsections (2), (5), (7), and (9) of the California Civil Code, respectively, in transactions with Plaintiff VanCleave and members of the California Subclass, which were intended to result in, and did result in, the sale of the products in that Defendants: misrepresented the source, sponsorship, approval, or certification of goods or services; misrepresented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have; represented that goods or services are of a particular standard, quality, or grade if they are of another; and advertised goods or services with intent not to sell them as advertised.

74.     Plaintiff VanCleave and other members of the California Subclass reasonably relied upon and were deceived by Defendants' representations that their products contain maple syrup or maple sugar.

75.     Pursuant to section 1782(d) of the California Civil Code, Plaintiff VanCleave, on behalf of herself and the California Subclass, seeks a Court order enjoining Defendants from such future conduct and any other such orders that may be necessary to rectify the fraudulent, unlawful, unconscionable commercial practices, and fraudulent business practices of Defendants, including requiring Defendants to cease mislabeling its products as containing maple syrup or maple sugar.

76.     On May 23, 2016, Plaintiff VanCleave sent a written demand to Defendants, on behalf of herself and members of the California Subclass, pursuant to Civil Code Section 1782(a). Thirty days have elapsed since VanCleave sent such demand to Defendants.  Defendants have failed to make an appropriate correction, repair, replacement or other remedy within 30 days of the demand or within a reasonable time.  Plaintiff, on behalf of herself and the California Subclass, is therefore entitled to maintain an action for damages under Sections 1780 and 1781. Plaintiff, on behalf of herself and the California Subclass, requests actual damages, restitution, punitive damages, injunctive relief and other relief that the Court deems proper, and reasonable attorneys' fees and costs, as permitted by Civil Code Sections 1780 and 1782.

**First Amended Class Action Complaint**

**FOURTH CLAIM FOR RELIEF**
**Violations of California Business & and**
**Professions Code, § 17500,** *et seq.,*
**(On behalf of Plaintiff VanCleave and the California Subclass)**

77.     Plaintiff VanCleave repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

78.     Business and Professions Code Section 17500 prohibits the dissemination of statements that are untrue, misleading, and which are known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

79.     Defendants' acts and practices violated Business and Professions Code Section 17500, *et seq.* Defendants disseminated untrue and misleading statements to Plaintiff VanCleave and members of the California Subclass by mislabeling its products as containing maple syrup or maple sugar.

80.     Defendants' statements were untrue and misleading in material respects because Plaintiff VanCleave and the California Subclass would not have purchased, or would have paid less for the products had they known that the products did not contain any maple syrup or maple sugar.

81.     Defendants' use of statements and imagery on the products' packaging and name had the capacity, likelihood and tendency to deceive and confuse consumers (including Plaintiff VanCleave and California Subclass members) into believing that the products contained maple syrup and/or maple sugar.

82.     Defendants, as the manufacturers and designers of the products and its packaging, knew or should have known, with the exercise of reasonable care, that the products do not contain any maple syrup or maple sugar and that consumers would be misled into believing that the products contained one or both of those ingredients. Therefore, Defendants knew or should have known that their statements were untrue and misleading.

83.     Plaintiff VanCleave and members of the California Subclass were induced to purchase and/or pay a price premium for the products based on Defendants' untrue and misleading statements.

84.     Plaintiff VanCleave and members of the California Subclass were aware of, and reasonably relied on Defendants' untrue and misleading statements.

85.     Defendants disseminated untrue and misleading statements about the ingredients and quality of its products with the intent not to sell them as advertised.

86.     Pursuant to section 17535 of the California Business and Professions Code, Plaintiff VanCleave, on behalf of herself and the California Subclass seeks restitution and a Court order enjoining Defendants from such future conduct and any other such orders as may be necessary to rectify Defendants' mislabeling and false advertising, including requiring Defendants to cease misrepresenting that its products contain maple syrup or maple sugar.

87.     Plaintiff VanCleave brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff VanCleave and members of the California Subclass are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

**FIFTH CLAIM FOR RELIEF**
**Violations of California Business & Professions Code,**
**Section 17200, *et seq.*, Unlawful, Unfair and**
**Fraudulent Business Acts and Practices**
**(On behalf of Plaintiff VanCleave and the California Subclass)**

88.     Plaintiff VanCleave repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

89.     Defendants' acts and practices as detailed herein constitute acts of unfair competition. Defendants have engaged in unlawful, unfair or fraudulent business acts and/or practices within the meaning of California Business & Professions Code, section 17200, *et seq*. Defendants need only violate one of the three prongs of the statute to be held strictly liable.

90.     Defendants have engaged in "unlawful" business acts and practices by manufacturing, promoting, and distributing products as containing maple syrup or maple sugar, when, in fact, the products do not contain those ingredients. Defendants' business acts and practices violate the California Business and Professions Code, section 17500, *et seq*. and the California Consumer Legal Remedies Act, California Civil Code, Section 1750, *et seq*., as alleged herein.

91.     Defendants' acts and practices are further "unlawful" because they violate the Federal Food, Drug, and Cosmetic Act ("FDCA"). The FDCA provides that a food product is misbranded if: "its labeling is false or misleading in any particular;" or "if it is an imitation of another food, unless its label bears, in type of uniform size and prominence, the word 'imitation' and immediately thereafter, the name of the food imitated." 21 U.S.C. § 343(a) and (c).

92.     Defendants declare "maple" on their packaging as a characterizing ingredient even where maple syrup (as defined in 21 CFR § 168.140(a)) is not actually present in the product. Maple is a substance derived from the heat treatment of sap from the maple tree. None of the ingredients in Defendants' products qualify as maple under this definition.

93.     The product is therefore misbranded under § 343(a) because the packaging is false and misleading in that it conveys the message that maple syrup or maple sugar is contained in the product.

94.     The product is also misbranded under § 343(c) because it is "an imitation of another food," i.e., a food containing maple syrup or maple, but does not contain the word "imitation" on its labeling.

95.     In addition, Defendants' mislabeling violates the following implementing FDA regulations: (1) 21 C.F.R. § 101.14 requiring claims to be "complete, truthful, and not misleading," and which "enables the public to comprehend the information; (2) 21 CFR § 102.5, which governs "characterizing properties or ingredients," and requires that "the common or usual name of a food shall include the percentage(s) of any characterizing ingredient(s) or component(s) when the proportion of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance or when the labeling or the appearance of the food may otherwise create an erroneous impression that such ingredient(s) or component(s) is present in an amount greater than is actually the case;" and (3) 21 CFR § 101.3, which governs identity labeling of food in packaged forms and provides that a food shall be deemed to be an imitation and thus subject to the requirements of section 403(c) of the act if it is a substitute for and resembles another food but is nutritionally inferior to that food.

96.     Maple syrup and maple sugar are premium ingredients which have a material bearing on the price and/or consumer acceptance of food products that contain such ingredients, which is why they are frequently an ingredient named in the title of foods or displayed on its packaging. Thus, if a product name includes "maple," or its packaging emphasizes the presence of maple (e.g., through images of maple syrup), but the product does not actually contain any maple syrup or maple sugar, it is unlawfully misbranded under the FDA's regulations.

97.     Defendants' products are imitation products because they are substitutes for and resemble maple donuts, *i.e.*, the food that has real maple as an ingredient.  Defendants' products are nutritionally inferior because they substitute other nutritionally inferior sweeteners in place of maple. Defendants' labels do not bear the word "imitation", as required by law.

98.     Defendants' conduct further violates the: (1) The California Sherman Food, Drug, and Cosmetic Law ("Sherman Law"), Cal. Health & Safety Code § 110660, which deems food products "misbranded" if their labeling is "false or misleading in any particular; (2) Health & Safety Code § 110100, which adopts all FDA food labeling regulations as state regulations; (3) Health & Safety Code § 110395, which makes it "unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food, drug, device, or cosmetic that is falsely advertised;" (4) Health & Safety Code § 110660, which deems that "any food is misbranded if its labeling is false or misleading in any particular" and (5) Health & Safety Code § 110685, which deems that "any food is misbranded if it is offered for sale under the name of another food, or if it is an imitation of another food for which a definition and standard of identity has been established by regulation and its label does not bear, in type of uniform size and prominence the word "imitation," and immediately following, the name of the food imitated."

99.     All of the challenged advertisements and statements made by Defendants thus constitute violations of the Sherman Law and the FDCA, and as such, violate the "unlawful" prong of the UCL.

100.    Plaintiff VanCleave reserves the right to identify additional provisions of the law violated by Defendants as further investigation and discovery warrants.

**First Amended Class Action Complaint**

101.    Defendants' failure to comply with the above statutes and regulations constitutes an unlawful business act or practice.

102.    Section 17200 of the California Business & Professional Code also prohibits any "unfair business act or practice." As described above, Defendants have engaged in "unfair" business acts or practices in that they falsely labeled products as containing maple syrup or maple sugar, when, in fact, the products do not contain any of those ingredients.

103.    The gravity of the harm to Plaintiff VanCleave and members of the California Subclass outweighs any arguable utility of Defendants' conduct. Plaintiff VanCleave's injury is substantial, is not outweighed by any countervailing benefit to consumers or competition, and is not one that consumers could have reasonably avoided.

104.    Defendants' conduct offends California public policy tethered to the California Consumer Legal Remedies Act, the California Business and Professions Code section 17500, the California Sherman Law, and the FDCA, which are intended to preserve fair competition, to protect consumers from market distortions, and to allow consumers to make informed choices in their purchasing of food products.

105.    Defendants' actions are immoral, unethical, and/or unscrupulous, and offend established public policy, and have injured Plaintiff VanCleave and other members of the California Subclass.

106.    Section 17200 also prohibits any "fraudulent business act or practice." Defendants' conduct constituted "fraudulent" business acts or practices in that their conduct had a tendency and likelihood to deceive persons to whom such conduct was and is targeted by falsely labeling products as containing maple syrup or maple sugar, when, in fact, they do not.

107.    Plaintiff VanCleave and members of the California Subclass were deceived by Defendants' representations as to whether the products contained maple syrup or maple sugar.

108.    Plaintiff VanCleave and members of the California Subclass reasonably relied on Defendants' representations. As the California Supreme Court has explained, "Simply stated: labels matter. The marketing industry is based on the premise that labels matter, that consumers will

**First Amended Class Action Complaint**

1    choose one product over another similar product based on its label and various tangible and

2    intangible qualities they may come to associate with a particular source." *Kwikset Corp. v. Superior*

3    *Court* (2011) 51 Cal.4th 310, 328.

4         109.    Plaintiff VanCleave and members of the California Subclass have suffered injuries as

5    a direct and proximate result of the unlawful, unfair, and fraudulent business practices of

6    Defendants in that they purchased products that they would not have purchased, or that they would

7    have paid less for, had they known that the products did not contain any maple syrup or maple

8    sugars.

9         110.    Pursuant to section 17203 of the California Business and Professions Code, Plaintiff

10   VanCleave, on her own behalf and on behalf of the California Subclass, seeks restitution and a

11   Court order enjoining Defendants from such future conduct and any other such orders that may be

12   necessary to rectify the unlawful, unfair, and fraudulent business practices of Defendants, including

13   requiring Defendants to cease mislabeling its products as containing maple syrup and maple sugars.

14       111.    Plaintiff VanCleave brings this action as a private attorney general, and to vindicate

15   and enforce an important right affecting the public interest. Plaintiff VanCleave and members of the

16   California Subclass are therefore entitled to an award of attorneys' fees under Code of Civil

17   Procedure section 1021.5 for bringing this action.

**SIXTH CLAIM FOR RELIEF**
18   **Violations of Massachusetts General Laws, Chapter 93A,**
     **Section 2, Unfair and Deceptive Business Practices**
19   **(On behalf of Plaintiff Perkins and the Massachusetts Subclass)**

20       112.    Plaintiff Perkins repeats and re-alleges the allegations of the preceding paragraphs

21   as if fully set forth herein.

22       113.    Defendants' conduct, as alleged herein, constitutes unfair or deceptive acts or

23   practices and unfair methods of competition in trade or commerce in violation of M.G. L. c. 93A, §

24   2 and the regulations promulgated thereunder, including without limitation, 940 C.M.R. §§ 3.02,

25   3.05(1), 3.05(2), 3.08(2), 3.16(2), 3.16(3) and 3.16(4).

26

27

28

**First Amended Class Action Complaint**

114.    Defendants' unlawful conduct includes their false and misleading statements, representations, and depictions in their labeling, marketing and advertising of the product, as alleged in greater detail herein.

115.    Defendants have mislabeled and misbranded the product, in violation of various state and federal statutes and regulations, including the Massachusetts Maple Law, Mass. Gen. Laws, c. 128, § 36C (which provides that "the words 'maple' or 'maple syrup' shall not be used in the labeling or branding of any food product which does not contain any maple syrup in its ingredients" and which also prohibits the sale of food products "branded as maple . . . which [are] not made from pure maple syrup derived from the sap of the maple tree"); Massachusetts misbranding laws, Mass. Gen. Laws, c. 94, § 187 (providing that food shall be misbranded when (1) "its labeling is false or misleading in any particular;" and (2) "it is in imitation or semblance of any other food" and does not bear in type of uniform size and prominence, the word "imitation") and §190 (barring the manufacture, sale, delivery or offer of delivery of misbranded food); the FDCA., 28 U.S.C. § 343(a) and (c) and FDA regulations: 21 C.F.R. § 101.14; and 21 CFR § 102.; 21 CFR § 101.3 and 21 CFR § 168.140(a).   Such mislabeling and misbranding constitutes unfair and deceptive conduct in violation of c. 93A, § 2.

116.    Plaintiff Perkins and each of the other Massachusetts Subclass members were injured by Defendants' unlawful conduct, in that they paid more for the falsely advertised product they purchased than they would have paid for comparable products not containing maple syrup.  Had Plaintiff Perkins and Massachusetts Subclass members known that the product did not contain maple, they would have not purchased the product at all or would not have purchased the product at the prices they paid.

117.    Alternatively, even in instances where Massachusetts Subclass members did not pay higher prices for the product than they would have paid for other sweetened donuts (not containing maple) at the time of their purchase, those Massachusetts Subclass members were injured in that the product that they purchased were and continue to be, due to the false advertising, worth less than the

amounts Plaintiff Perkins and Massachusetts Subclass members paid for them at the time of purchase.

118.    Defendants' unfair or deceptive acts or practices, as alleged herein, were willful or knowing violations of c. 93A, § 2, within the meaning of c. 93A, § 9(3).

119.    Pursuant to M.G. L. c. 93A, § 9, Plaintiff Perkins and each of the other members of the Massachusetts Subclass are entitled to recover their actual damages or statutory damages of $25.00 each, whichever results in a greater recovery, and to recover double or treble the amount of their actual damages, plus their reasonable attorneys' fees and the costs of this action.

120.    Plaintiff Perkins and the other members of the Massachusetts Subclass are also entitled to injunctive relief in the form of an order directing Defendants to cease their false and misleading labeling and advertising, retrieve existing false and misleading advertising and promotional materials, and publish corrective advertising.

121.    On or about May 25, 2016, Plaintiff Perkins sent a written demand for relief to Defendants, pursuant to M.G.L. c. 93A, § 9(3). Defendants failed to make a reasonable offer of relief in response to Plaintiff Perkins' demand made on behalf of himself and members of the Massachusetts Subclass.

### SEVENTH CLAIM FOR RELIEF
#### Untrue and Misleading Advertising under M.G.L. c. 266, § 91
#### (Brought by Plaintiff Perkins on Behalf of Himself
#### and the Massachusetts Class)

122.    Plaintiff Perkins repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

123.    Defendants' labeling, advertising, promotion, and marketing of the Products is untrue, deceptive, and misleading, in violation of M.G.L. c. 266, § 91.

124.    At all times relevant to this action, Defendants knew, or could, upon reasonable investigation, have ascertained that their labeling, advertising, marketing, and promotion of the product was untrue, deceptive, and misleading.

125.    Defendants' untrue, deceptive and misleading labeling, advertising, marketing and promotion of the product has continued throughout the class period, and is continuing as of the present date.

126.    As purchasers of the product who were aggrieved by Defendants' false and misleading advertising (in that Plaintiff Perkins and the other Massachusetts Class members purchased product(s) that did not conform to the "maple" representations made about it by Defendants), Plaintiff Perkins brings this class action to seek all available remedies under M.G.L. c. 266, § 91, including injunctive relief.  The injunctive relief would include an order directing Defendants to cease their false and misleading labeling and advertising, retrieve existing false and misleading advertising and promotional materials, and publish corrective advertising.

### EIGHTH CLAIM FOR RELIEF
### Violation of M.G.L., c. 106 § 2-313,
### Breach of Express Warranty
### (On behalf of Plaintiff Perkins and the Massachusetts Subclass)

127.    Plaintiff Perkins repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

128.    Defendants produced, advertised, marketed, distributed, and sold the products with the affirmation of fact, promise, and description on the packaging that the Products contained maple.

129.    Plaintiff Perkins and members of the Massachusetts Subclass relied on these affirmations of fact, promises, and descriptions in that they were part of the basis of the bargain under which Plaintiff Perkins and members of the Massachusetts Subclass purchased the product.

130.    Defendants breached these express warranties by producing, distributing, and marketing the product to Plaintiff Perkins and the Massachusetts Subclass that did not conform to the affirmations of fact, promises, and/or descriptions made on the packaging (that the products contained maple syrup and/or maple sugar).

131.    Defendants have been on notice of their breach of these express warranties as they manufactured the products and designed the labeling.  Further, they knew or should have known

-22-

**First Amended Class Action Complaint**

that a number of groups in the maple sugar and syrup industry have jointly complained about this issue as negatively affecting consumers and the industry alike.

132.    As a proximate result of Defendants' breach of their express warranty, Plaintiff Perkins and members of the Massachusetts Subclass sustained damages, including but not limited to the purchase price of the product and/or the premium paid for the product.

133.    Plaintiff Perkins, on behalf of himself and the Massachusetts Subclass, is entitled to damages and other legal and equitable relief including, a right of reimbursement, as well as costs, expenses and attorneys' fees.

**NINTH CLAIM FOR RELIEF**
**Unjust Enrichment**
**(Brought by all Plaintiffs on Behalf of Themselves**
**and the Nationwide Class)**

134.    Plaintiffs VanCleave and Perkins repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.

135.    Plaintiffs and the Nationwide Class members conferred a benefit upon Defendants, in the form of the excess prices they paid for the products over and above the actual value of the products and increased sales of the product.

136.    Defendants had an appreciation or knowledge of the benefit conferred, as demonstrated by the fact that the products offer no benefits not available from other comparable products unaccompanied by maple claims and/or comparable products in the marketplace that bear similar claims and actually contain maple.

137.    Defendants' acceptance or retention of these benefits is inequitable under the circumstances as outlined above.

138.    Plaintiffs, on behalf of themselves and the Nationwide Class, seek restitution or, in the alternative, imposition of a constructive trust on and disgorgement of the funds inequitably received and retained.

WHEREFORE, Plaintiffs VanCleave and Perkins pray for the following relief:

a.    An order certifying the Class and Subclasses defined above;

**First Amended Class Action Complaint**

b.   An award of damages, including actual damages, statutory damages where applicable, and multiple damages, where applicable;

c.   An injunction requiring Defendants to cease misrepresenting that the product contains maple syrup and/or maple sugar and requiring Defendants to retrieve existing false and misleading advertising materials, publish corrective advertising, and provide notice to consumers who already purchased the product;

d.   For any and all other relief available under the various statutory and common law causes of action asserted herein;

e.   An award of reasonable attorneys' fees and costs;

f.   For pre-judgment interest on the sums owing; and

g.   For such other and further relief as the Court deems just and proper.

Dated: August 3, 2016                    Respectfully submitted,


By:   /s/David C. Parisi

David C. Parisi (SBN 162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Suite 100
Santa Monica, CA   90405
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd, #505
Los Angeles, CA 90046
Telephone: (917) 657-6857
Facsimile: (877) 501-3346

David Pastor (pro hac vice)
dpastor@pastorlawoffice.com
PASTOR LAW OFFICE, LLP
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone: (617) 742-9700

**First Amended Class Action Complaint**

Facsimile:  617) 742-9701

Preston W. Leonard (pro hac vice)
pleonard@theleonardlawoffice.com
LEONARD LAW OFFICE, PC
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone: (617) 329-1295

*Attorneys for Plaintiffs Elizabeth VanCleave and Matthew Perkins, individually and on behalf of a class of similarly situated individuals*

**First Amended Class Action Complaint**

## JURY DEMAND

Plaintiffs demand a trial by jury of all causes of action and matters so triable.

Dated: August 3, 2016                    Respectfully submitted,


                                         By:    /s/David C. Parisi

                                         David C. Parisi (SBN 162248)
                                         dparisi@parisihavens.com
                                         Suzanne Havens Beckman (SBN 188814)
                                         shavens@parisihavens.com
                                         PARISI & HAVENS LLP
                                         212 Marine Street, Suite 100
                                         Santa Monica, CA   90405
                                         Telephone: (818) 990-1299
                                         Facsimile: (818) 501-7852

                                         Yitzchak H. Lieberman (SBN 277678)
                                         ylieberman@parasmoliebermanlaw.com
                                         PARASMO LIEBERMAN LAW
                                         7400 Hollywood Blvd, #505
                                         Los Angeles, CA 90046
                                         Telephone: (917) 657-6857
                                         Facsimile: (877) 501-3346

                                         David Pastor (pro hac vice)
                                         dpastor@pastorlawoffice.com
                                         PASTOR LAW OFFICE, LLP
                                         63 Atlantic Avenue, 3rd Floor
                                         Boston, MA 02110
                                         Telephone: (617) 742-9700
                                         Facsimile:  617) 742-9701

                                         Preston W. Leonard (pro hac vice)
                                         pleonard@theleonardlawoffice.com
                                         LEONARD LAW OFFICE, PC
                                         63 Atlantic Avenue, 3rd Floor
                                         Boston, MA 02110
                                         Telephone: (617) 329-1295

                                         *Attorneys for Plaintiffs Elizabeth VanCleave and*
                                         *Matthew Perkins, individually and on behalf of a class*
                                         *of similarly situated individuals*

-26-
**First Amended Class Action Complaint**